```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


CHILDREN'S HOSPITAL ET AL.              CIVIL ACTION


VERSUS                                  NO: 06-3548


CONTINENTAL CASUALTY COMPANY            SECTION: J(4)
```

### ORDER AND REASONS

Before the Court is **Plaintiff's Motion to Compel Production of Documents (Rec. Doc. 26).** This motion, which was opposed, was set for hearing on an expedited basis on October 26, 2006, without oral argument.  Upon review of the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion should granted in part and denied in part.

Plaintiff Children's Hospital ("Children's") has moved the Court to compel the production of certain documents from Continental Casualty Company ("Continental") relating to reserves and reinsurance that it claims are responsive to Requests Nos. 18, 27, and 28 of its Requests for Production. Children's also has requested an award of costs and attorney's fees in having to file the instant motion.

**Reserves:**

Request No. 18 states:

>REQUEST NO. 18):
>
>Please produce ALL DOCUMENTS REGARDING ANY loss reserves YOU set for CHILDREN"S claim against YOU under Insurance Policy No. 251916363.

Continental is ordered to produce all reserve information up until June 21, 2006. Whether or not this information will later be admissible at trial is an entirely separate issue which, is better suited for a motion in limine prior to trial.

**Reinsurance:**

>Requests Nos. 27 and 28 provide the following:
>
>>REQUEST NO. 27):
>>
>>Please produce ALL DOCUMENTS REGARDING the reinsurance of Insurance Policy No. 251916363 and ANY renewal thereof.
>>
>>REQUEST NO. 28):
>>
>>Please produce ALL DOCUMENTS RELATING TO ANY communication REGARDING the reinsurance of Insurance Policy No. 251916363 and ANY renewal thereof.

There is an obvious difference between discoverability and admissibility. What this Court allows in term of discoverability may not ultimately be admissible at trial. Here, the reinsurance information is discoverable; however, the parties should execute a consent protective order to protect any confidential and proprietary information contained therein.

**Costs and Attorneys Fees:**

>Children's has requested an award of costs and attorney's

fees in having to file the instant motion. Children's asserts that Continental intentionally misrepresented that it timely produced documents and a privilege log. Children's claims Continental was on time filing written responses; however, was two weeks late producing the documents that went with the responses. Continental claims Children's is not entitled to costs and attorneys fees as it has provided a large amount of information and documents and had good reason to withhold the information it withheld.

This Court denies Children's request for costs and attorneys fees. Continental based its decision to object to the production of the reserve and reinsurance documents on case law. This Court finds that its response was not evasive so as to prompt the award of sanctions in accordance with Rule 37 of the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion to Compel production of Documents (Rec. Doc. 26)** should be and hereby is **GRANTED IN PART AND DENIED IN PART**.

New Orleans, Louisiana this ___7th___ day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE